JUDGE OETKEN

# 25 CV 06512

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:
FOX CABLE NETWORK SERVICES, LLC, :
:
             Plaintiff, :
:    No. _____
    v. :
:
GRUPO LAUMAN HOLDING, S. DE R.L. :    **COMPLAINT FOR DECLARATORY**
DE C.V., :    **RELIEF**
:
             Defendant. :
:
:
-----------------------------------------------------------x

## INTRODUCTION

1.     This litigation involves the fallout from terminated negotiations over a potential

asset acquisition in Mexico. As part of its plans to expand its presence in the Latin American

sports media market, Plaintiff Fox Cable Network Services, LLC ("Fox"), sought to acquire certain

assets of companies owned and controlled by Defendant Grupo Lauman Holding, S. de R.L. de

C.V. ("Grupo Lauman"). After seven months of negotiation and extensive due diligence failed to

lead to an acceptable deal and instead led Fox to develop significant concerns, Fox broke off those

negotiations in December 2024. Rebuffed, Grupo Lauman has since threatened Fox with baseless

litigation that would violate the parties' offer letter contract—including its ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇ and ▇▇▇▇▇▇▇ provisions. Those unfounded threats loom over Fox and have

hindered—and continue to hinder—its planned expansion into the Mexican market. Fox therefore

seeks a declaratory judgment to resolve the parties' contractual disputes under the offer letter

contract, vindicate New York's strong public policy in enforcing ▇▇▇▇▇▇▇▇▇▇▇▇,

and clarify that Fox acted in good faith during the negotiation process

2.     In or around May 2024, Fox formally began negotiating to purchase certain assets

of one of Grupo Lauman's subsidiaries, Altener S.A. de C.V. ("Altener"), including two companies that jointly produce and distribute pay sports media in Mexico: Mexico Sports Distribution LLC ("MSD") and Media Deportes Mexico S. de R.L. de C.V. ("MDM"). MSD is a U.S. company that primarily holds sports programming rights, and MDM is a Mexican company that primarily handles affiliate and distribution sales, advertising sales, and other operations. For ease of reference, Fox refers to the combined entity as "Mexico Sports Media."[1]  At the time of the negotiations, Grupo Lauman owned, and on information and belief, currently owns, ██ of Altener and, on information and belief, effectively controls Mexico Sports Media.  Fox's negotiations for Mexico Sports Media were with representatives of Grupo Lauman.

3.    Fox had hoped to use this transaction to expand into the pay television sports media market in Mexico.  But despite months of negotiation and thorough due diligence, the parties never reached a final agreement, and in December 2024, Fox terminated the negotiations.

4.    Fox was well within its rights to do so.  The parties had pursued negotiations pursuant to a May 20, 2024 offer letter ████████████████████████████████████ Under the Offer Letter, the parties ██████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ █████████████████████████████  The parties also agreed that ██████████████ ███████████████████████████████████████████████████████████████

---

[1] Since 2021, Mexico Sports Media has distributed sports programming under the brand "Fox Sports Mexico."  In 2019, as part of a larger transaction, Disney acquired much of Twenty-First Century Fox's international sports business.  Disney later sold the Mexican business to Grupo Lauman in 2021.  As part of those transactions, Disney and then Grupo Lauman obtained limited licenses to use the Fox brand under certain conditions.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

5.      Despite the plain language of the Offer Letter, Grupo Lauman has threatened to sue Fox for matters arising out of the Offer Letter and acquisition negotiations, including Fox's decision to terminate negotiations, which was well within the bounds of the Offer Letter. Grupo Lauman's threats have included suing Fox in manners that would also violate provisions in the Offer Letter ███████████████████████████████████████████████

6.      Grupo Lauman has persisted in its threats to bring frivolous legal claims against Fox regarding Fox's conduct during—and rightful termination of—the negotiations to acquire certain assets of Mexico Sports Media.

7.      Most recently, on June 24, 2025, after Fox announced the acquisition of a different Mexican sports media company, Grupo Lauman threatened Fox with legal action under Mexican law concerning the negotiations over the acquisition of Mexico Sports Media, again in contravention of ███████████████████████████████████████████████████

8.      Grupo Lauman's accusations are baseless.  Fox had a good-faith desire to acquire certain assets of Mexico Sports Media and made several offers during the negotiation period, which demonstrate Fox's good faith.  Fox's June 2025 acquisition of a *different* Mexican sports media company—which triggered Grupo Lauman's most recent series of threats—shows that Fox was serious about making such an acquisition.

9.      Grupo Lauman's litigation threats affect Fox's ability to operate its expanded sports distribution business in Mexico.  Because of those imminent threats, Fox brings this action here, ████████████████████████████████████████ Fox seeks a declaratory judgment

that: (1) ███████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████ (2) Fox conducted good-faith due diligence into Mexico Sports Media under the Offer Letter ; and (3) Fox validly and in good faith terminated the Offer Letter pursuant to its terms and therefore has no liability to Grupo Lauman arising from the negotiations under that agreement.

## PARTIES

10.     Fox is a limited liability company organized under the laws of Delaware.  Fox's sole member is Foxcorp Holdings LLC, a Delaware limited liability company whose sole member is Fox Corporation.  Fox Corporation is a media company that produces and distributes news, sports, and entertainment content.  Fox Corporation is a corporation organized under the laws of Delaware and has its principal place of business in New York, New York.

11.     On information and belief, Grupo Lauman Holding, S. de R.L. de C.V., is an entity formed under the laws of Mexico that can own property, make contracts, transact business, and litigate in its own name, and is recognized as a judicial person under the laws of Mexico.  It operates in the telecommunications, media, and broadcast sectors.  Grupo Lauman is a citizen of Mexico.

## JURISDICTION AND VENUE

12.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of costs and interest.

13.     This Court has personal jurisdiction over Grupo Lauman because Grupo Lauman



14.     Venue is proper in this District under 28 U.S.C. § 1391 because Grupo Lauman

███████████████████████████████████████

## **FACTUAL ALLEGATIONS**

**A.      Grupo Lauman explores selling assets of Mexico Sports Media to Fox, and the parties enter into an Offer Letter governing those negotiations.**

15.     ████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████

16.     Under the Offer Letter, Fox committed to, and did, ████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

17.    ████████████████████████████████

███

18.    ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

19.    ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████

20.    The Offer Letter also ████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

21.     As made clear by the plain text of the Offer Letter, Fox was under no obligation to

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

**B.      Fox develops significant concerns with Mexico Sports Media.**

22.     After the parties executed the Offer Letter, Fox began its due diligence into Mexico Sports Media.  However, Grupo Lauman stonewalled Fox from obtaining necessary information to evaluate potential compliance issues.  This stonewalling led to extensive delays that dragged the parties' negotiations ██████████████████████.

23.     During the diligence process, Fox discovered information about Mexico Sports Media that led to serious concerns, including, but not limited to, ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████

24.     Fox's due diligence also revealed ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ All of these issues created significant

risk for Fox.

      25.     Concerns held by Fox as to its trust in the diligence process also came to a head in

or around October 2024 when Fox discovered ███████████████████████████

that a Mexican state-owned bank had recently initiated public foreclosure proceedings against

another of Grupo Lauman's subsidiaries, Comtelsat S.A. de C.V. ("Comtelsat"). This created a

significant impediment to the deal because ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ Among

other issues discovered in the diligence process, ████████████████████

███████████████████████ and the risk-laden proposals Grupo Lauman presented to

Fox to address this issue, generated grave concerns within Fox about the viability of the

acquisition.

     **C.**     **Fox terminates the negotiations pursuant to the Offer Letter.**

      26.     On November 9, 2024, after protracted negotiations and in light of the concerns

that Fox uncovered during due diligence, Fox sent Grupo Lauman a letter making an offer to

acquire Mexico Sports Media. In the letter, Fox explained that, if Grupo Lauman did not accept

Fox's latest offer promptly, then Fox would terminate negotiations under the Offer Letter.

      27.     Grupo Lauman then began making threats. By letter dated November 11, 2024,

Grupo Lauman argued that the Offer Letter "create[d] valid, binding legal obligations" and contended that Fox's conditional termination constituted "bad faith and willful misconduct." The letter claimed that Fox's conduct "may constitute serious violations under Mexican law."

28.     Fox replied on November 13, 2024, reminding Grupo Lauman that "neither Fox nor [Grupo Lauman] had any obligation to continue any efforts with respect to a potential transaction ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████ and the Offer Letter contained ██████████████████████ and ████████████ provisions. But, "as a show of Fox's further and continued good faith," Fox granted Grupo Lauman another week to accept the offer.

29.     Grupo Lauman did not accept Fox's offer.

30.     After additional discussions, on December 13, 2024, Fox made Grupo Lauman a best and final offer for the purchase of Mexico Sports Media's assets. Fox gave Grupo Lauman three days to respond. Fox received no response.

31.     Fox therefore exercised its rights to terminate negotiations pursuant to the Offer Letter on December 19, 2024, "ending all discussions with Grupo Lauman to potentially acquire" the assets of Mexico Sports Media.

**D.     Grupo Lauman threatens to sue Fox.**

32.     Based on Grupo Lauman's accusations and threats, Fox anticipated that Grupo Lauman would attempt to improperly interfere with Fox's efforts to compete in the pay television sports media market in Mexico other than through the acquisition of Mexico Sports Media. Accordingly, in February 2025, Fox obtained a protective injunction in Mexico enjoining Grupo Lauman from interfering with its corporate activities in Mexico. The injunctive relief sought by

Fox did not pertain to the parties' rights under the Offer Letter, but rather sought protection for Fox's commercial interests now that the business activities encompassed by the Offer Letter had concluded.

33.    That injunction did not deter Grupo Lauman from continuing to threaten legal action based on meritless accusations of bad faith.  Those threats have specifically included litigation based on Fox's performance under the Offer Letter.

34.    On June 19, 2025, Fox announced that it was acquiring a different Mexican sports distribution company, Caliente TV, to facilitate Fox's expansion into the market.  With that acquisition, Fox plans to develop a multi-platform business with a broad portfolio of premium sports broadcast and distribution rights, including Liga MX men's and women's soccer, English Premier League and UEFA Champion's League soccer, and Big Ten college football, among others.

35.    On June 24, 2025, five days after Fox announced the acquisition of Caliente TV, counsel for Grupo Lauman wrote to Fox's parent (the "June 24 Letter") and reasserted Grupo Lauman's false allegations that Fox engaged in "bad faith actions … before, during and after the due diligence process associated with Fox[]'s false intention to acquire" Mexico Sports Media.

36.    The June 24 Letter threatened that Grupo Lauman and its subsidiaries would sue Fox "under applicable Mexican law."

37.    Grupo Lauman's aggressive and escalating threats against Fox regarding the Offer Letter have generated and continue to generate legal and economic uncertainty for Fox as it is working to expand its sports media business in Mexico.

38.    Because Grupo Lauman's threats have subjected Fox to the risk of imminent litigation concerning the Offer Letter ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

39.     Without declaratory relief, Fox will continue to suffer under the threat of Grupo Lauman's unlawful suits.

### CLAIMS FOR RELIEF

### COUNT I
**(Declaratory Relief)**

40.     Fox repeats and realleges the foregoing paragraphs as if fully set forth herein.

41.     The Court has the power to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As a result of the acts described in the preceding paragraphs, a case of actual controversy within this Court's jurisdiction exists between the parties concerning the interpretation of the Offer Letter, the parties' conduct during the negotiations and due diligence under the Offer Letter, Fox's right to cease negotiating with Grupo Lauman, and the requirement that ██████████████████████████████████████████████████ ████    A declaratory judgment is necessary and appropriate to resolve this dispute and adjudicate the rights of the parties under the Offer Letter.

42.     Fox and Grupo Lauman executed the Offer Letter dated May 20, 2024, which is a valid agreement and confirms that the parties ███████████████████████████ ██████████████████████████

43.     Under the Offer Letter, ██████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████

44.     The Offer Letter expressly permitted ████████████████████████

███████████████████████████████████████ The Offer Letter also

provided that, ███████████████████████████████████████

██

 45. The Offer Letter expressly stated that ████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██

 46. ███████████████████████████████

███████████████████████

 47. The Offer Letter further states that ██████████████████

███████████████████████████████████████

████████████████████████████

 48. Despite the Offer Letter giving both parties ██████████████

███████████████████████████████████████

████████████████████ Grupo Lauman baselessly claims that it "will hold

Fox[]—including its affiliates and other related parties—liable for all damages, direct and indirect,

arising from the misconduct" during the negotiations and due diligence.  Grupo Lauman's threats

have injured Fox and/or place Fox at imminent risk of injury.

 49. Grupo Lauman has made these threats in contravention of the Offer Letter's ████

██████████████████████ These threats place Fox at imminent risk of further injury.

 50. The Offer Letter states that █████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████████

██  The Offer Letter also states that the parties ████████████████████████████

████████████████████

51.     Even though the Offer Letter states that ████████████████████████

██████████████████████████████████  Grupo Lauman has threatened legal action

under Mexican law.

52.     Grupo Lauman's positions and threats are contrary to the plain and unambiguous

terms of the Offer Letter.  They also amount to bad faith.

53.     An actual, justiciable, and substantial controversy exists between Fox and Grupo

Lauman regarding the interpretation of the Offer Letter, the parties' conduct under the Offer Letter,

and Fox's rights to ████████████████████████████

54.     The parties' legal interests are adverse because Grupo Lauman has threatened to

sue Fox concerning the parties' conduct under the Offer Letter and Fox's termination of

negotiations for the Potential Acquisition.  Fox maintains that the Offer Letter permits no such

action by Grupo Lauman.  The controversy is of sufficient immediacy and reality to warrant

declaratory relief under 28 U.S.C. § 2201.

55.     Absent resolution of this controversy, Fox anticipates that Grupo Lauman will

commence improper litigation as a result of Fox exercising its clear contractual rights, in

contravention of the Offer Letter.  The requested declaratory relief will serve a useful purpose in

settling the legal issues involved because it will determine whether Fox breached the Offer Letter,

and whether Grupo Lauman's threatened litigation against Fox would constitute a breach of the

Offer Letter.

56.     For the same reasons, the requested declaratory relief will finalize the controversy

between the parties.  Grupo Lauman's position against Fox is based on an incorrect interpretation of the Offer Letter.  Were this Court to declare that Fox's interpretation of the Offer Letter is correct, Grupo Lauman would no longer be able to justify its threats of litigation.

57.    The requested declaratory relief will prevent further injury to Fox caused by Grupo Lauman's threats of litigation, in violation of the Offer Letter.

58.    There is no better or more effective remedy than a federal court declaratory judgment action.  The parties' dispute is a matter of competing interpretations of their obligations under the Offer Letter, which this Court is best positioned to resolve, ███████████████ ███████████████████████████

59.    No concerns regarding judicial efficiency or judicial economy counsel against the Court exercising its discretion here.

60.    Fox is entitled to a declaratory judgment that ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████.

61.    Fox is entitled to a declaratory judgment that ████████████████████ ████████████████████████████████████ any litigation Grupo Lauman may bring for failure to negotiate would be baseless.

62.    Fox is entitled to a declaratory judgment that, ████████████████████ ████████████████████████████████████████████████ ████████████████████████ and Fox carried out that due diligence in good faith.

63.    Fox is entitled to a declaratory judgment that ████████████████████ ████████████████████████████████████████████████

████████████

64.    Fox is entitled to a declaratory judgment that the parties agreed to ██████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

65.    Fox is entitled to a declaratory judgment that Fox is not liable for any conduct arising out of the Offer Letter.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Fox respectfully demands the following relief:

a.    A declaratory judgment that Grupo Lauman's threatened lawsuits must ██████████
████████████████████████████████████

b.    A declaratory judgment that ██████████████████████████████████
██████████

c.    A declaratory judgment that Grupo Lauman has no legal claim against Fox for ceasing to negotiate the Potential Acquisition;

d.    A declaratory judgment that Fox carried out its due diligence and other obligations under the Offer Letter in good faith;

e.    A declaratory judgment that Fox has no liability to Grupo Lauman for Fox's conduct or decision to terminate negotiations under the Offer Letter;

f.    Such other and further relief as this Court deems just and proper.

Dated: New York, NY
      July 31, 2025

ELLIS GEORGE LLP

By: _____
      Stephen P. Farrelly

Eric M. George
Katherine A. Petti, Pro Hac Vice forthcoming
Christopher T. Berg, Pro Hac Vice forthcoming
David J. Carroll, Pro Hac Vice forthcoming
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
egeorge@ellisgeorge.com
kpetti@ellisgeorge.com
cberg@ellisgeorge.com
dcarroll@ellisgeorge.com

Stephen P. Farrelly
ELLIS GEORGE LLP
Carnegie Hall Tower
152 West 57th Street, 28th Floor
New York, New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
sfarrelly@ellisgeorge.com

*Attorneys for Plaintiff Fox Cable Network Services, LLC*

3035117.1